IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN ALT, | ) | CASE NO. 1:14 CV 100 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LaSHANN EPPINGER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Susan Alt for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Alt is currently incarcerated by the State of Ohio at the Northeast Pre-Release Center in Cleveland, Ohio.[3] She is serving a nine-year sentence imposed in 2010 by the Cuyahoga County Court of Common Pleas after Alt pled guilty to 31 counts arising from multiple charges based on her participation in a mortgage fraud scheme.[4]

In her petition, Alt raises five grounds for relief.[5] The State, in its return of the writ, argues that two of the grounds should be dismissed as procedurally defaulted or waived[6] and

---

[1] ECF # 5.

[2] ECF # 3.

[3] *Id.* at 1.

[4] *Id.*

[5] *Id.* at 6, 8, 9, 11, and 13.

[6] ECF # 7 at 30-31.

that the remaining grounds should be dismissed as either non-cognizable state law claims and/or denied because the decision of the Ohio appeals court in adjudicating the claim was not contrary to clearly established federal law.[7] Alt, who is represented by retained counsel, has filed an exceptionally lengthy traverse and supplement consisting of 79 pages of argument and 232 pages of exhibits.[8]

For the reasons that follow, I will recommend that Alt's petition be dismissed in its entirety, as is more fully set forth below.

## Facts

### A.    Background facts, plea, and sentence

The underlying facts to this matter were set forth by the Ohio appeals court in its review of the record:[9]

> In August 2009, Alt was charged in a 96-count indictment stemming from a sophisticated mortgage fraud scheme that enabled Alt to steal over three million dollars. Alt pleaded not guilty. Exhaustive discovery and numerous pretrials ensued, and the trial date was reset several times.
>
> On July 6, 2010, two weeks prior to trial, Alt pleaded guilty to 31 counts of the indictment; the remaining counts were nolled. As part of the agreement, Alt agreed to forfeit two million dollars. The record reflects that she never made any of the agreed-upon payments.

---

[7] *Id.* at 32-44.

[8] ECF #s 11, 12.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

In November 2010, at Alt's request, sentencing was reset to December 16, 2010. But on December 2, 2010, two weeks before sentencing, Alt filed a motion to withdraw her guilty plea, asserting that her plea should be vacated because she "did not fully understand all of the ramifications of her plea" and "maintains her innocence and has a defense to the charges." She subsequently filed a supplement to her motion in which she argued that presentence motions to withdraw, although discretionary with the trial judge, "should almost always be granted."

Alt did not appear for sentencing on December 16, 2010 and the trial court issued a capias. On December 20, 2010, after a hearing at which Alt appeared, the trial court denied Alt's motion to withdraw her guilty plea. The court then sentenced her to nine years incarceration on Count 1 of the indictment (engaging in a pattern of corrupt activity), and two years on the remaining counts to which she had pleaded guilty, all counts to run concurrent. The court also advised Alt that she would be subject to five years mandatory postrelease control.

On appeal, Alt contends that the trial court erred in denying her motion to withdraw her plea.[10]

## B.    Direct appeal

### 1.    Ohio appeals court

Subsequent to her December 20, 2010 sentencing, Alt, through her trial counsel, timely filed[11] a notice of appeal on January 12, 2011.[12] Subsequently, now acting with new counsel, Alt raised a single assignment of error:

The Trial Court Denied Appellant Her Right To Due Process of Law in Violation of the Ohio and United States Constitutions When it Denied Her

---

[10] ECF # 8 (state court record), Attachment 14 at 213-14.

[11] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[12] ECF # 8-9, at 170.

Motion to Withdraw a Guilty Plea without giving Appellant the hearing and consideration required by Ohio Rule of Criminal Procedure 32.1.[13]

The State filed a brief in response,[14] to which Alt replied.[15] On October 20, 2011, the Ohio appeals court affirmed the decision of the trial court to deny Alt's motion to withdraw her guilty plea.[16]

**2.      *Supreme Court of Ohio***

On December 5, 2011, Alt, proceeding through the same attorney as had represented her before the Ohio appeals court, timely filed[17] a notice of appeal[18] and jurisdictional memorandum[19] with the Supreme Court of Ohio. In the jurisdictional memorandum, Alt raised the following three propositions of law:

> Proposition of Law No. 1: A judge shall not reach even tentative conclusions before conducting a hearing. The appearance of fairness is as critical as its substance.
>
> Proposition of Law No. 2: When a judge signals through actions and words a view that a motion not yet heard will be denied, the moving party's right to

---

[13] ECF # 8-11, at 176.

[14] ECF # 8-12, at 191.

[15] ECF # 8-13, at 206.

[16] ECF # 8-14, at 211.

[17] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[18] ECF # 8-16, at 221.

[19] ECF # 8-17, at 231.

due process is abridged and any decision following that hearing results from an abuse of discretion.

Proposition of Law No. 3: Prejudice to the State which amounts to only a need to re-subpoena witnesses and revise case preparation is not sufficient to warrant a denial of a motion to vacate a guilty plea.[20]

On February 22, 2012, the Supreme Court of Ohio denied leave to plead and dismissed the case.[21] The record does not indicate that Alt then sought a writ of certiorari from the United States Supreme Court.[22]

## C.      Untimely motion to reopen the appeal under Rule 26(B)

Over a month after the judgment of the appeals court was entered, and while the appeal to the Ohio Supreme Court was pending, Alt, now with new counsel, filed a motion with the Ohio appeals court for leave to file a delayed application to reopen the appeal.[23] The State opposed the application,[24] the appeals court denied it,[25] and Alt did not appeal that decision.

---

[20] *Id.*, at 232.

[21] ECF # 8-18, at 253.

[22] *See*, ECF # 7 at 5.

[23] ECF # 8-19, at 254.

[24] ECF # 8-20, at 266.

[25] ECF # 8-21, at 270.

**D.**     **Petition for post-conviction relief and appeals**

While the direct appeal was pending, Alt, through her first appellate attorney, filed a timely[26] petition for post-conviction relief with the trial court.[27] The State filed a brief in opposition.[28] With leave of court, Alt then filed an amended petition for post-conviction relief[29] setting forth the following claims:

> A.     Failure of the Court to properly handle her motion to withdraw her plea inasmuch as the Court had made up its mind to deny it before holding a hearing, thus denying Petitioner her right to a fair trial and due process of law.
>
> B.     Petitioner received ineffective assistance of counsel because:
>
>> I.     Her lawyer failed to properly handle the Motion to Withdraw Guilty Plea.
>>
>> ii.     Her lawyer failed to provide proper legal counsel as to the impact restitution would have upon the sentence imposed by the Court in that he told Petitioner she could enter a plea of guilty and avoid any prison sentence through the payment of restitution, terming the process "payola".

---

[26] The petition was filed June 6, 2011. Ohio Rev. Code § 2953.21(A)(2) requires that in non-capital cases a petition for post-conviction relief be filed no later than 180 days after the date on which the trial transcript was filed in the court of appeals. Alt's trial transcript in this case was filed on February 22, 2011. ECF # 8-10, at 173. Thus, the post-conviction petition that was filed on June 6, 2011, was timely filed.

[27] ECF # 8-23, at 279.

[28] ECF # 8-25, at 345.

[29] ECF # 8-26, at 360.

> iii.  Her lawyer failed to timely notify Petitioner of the date of the sentencing and failed to undertake any steps which would have resulted in a sentence substantially less than she received.[30]

The State filed a brief in opposition to the amended petition,[31] and then, on February 17, 2012, the trial court denied the amended petition without a hearing.[32]

On March 13, 2012, Alt timely appealed that decision.[29] In her brief in support, Alt raised the following two assignments of error:

> FIRST ASSIGNMENT OF ERROR: BECAUSE THE TRIAL COURT FAILED TO MAKE *SPECIFIC* FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE CLAIM OF FAILURE TO PROPERLY HANDLE APPELLANT'S MOTION TO WITHDRAW PLEA HEARING, INSTEAD FINDING IT TO BE RES JUDICATA, ITS JUDGEMENT ENTRY IS NOT A FINAL AND APPEALABLE ORDER.
>
> ISSUES PRESENTED FOR REVIEW:
>
> 1.  Whether the judgement entry, which does not contain specific findings of fact and conclusions of law on the issue of failure to properly conduct a motion to withdraw plea hearing, but instead finds res judicata, constitutes a final and appealable order.[30]
>
> SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S POST CONVICTION PETITION WITHOUT A HEARING.

---

[30] *Id.*, at 361.

[31] ECF # 8-27, at 441.

[32] ECF # 8-28, at 489.

[29] ECF # 8-29, at 497.

[30] ECF # 8-31, at 515.

1.    Whether it constituted an abuse of discretion for the trial court to find that the Appellant failed to set forth sufficient facts to support the claim of ineffective assistance of trial counsel.[31]

The State filed a brief in opposition,[32] to which Alt replied,[33] the appeals court affirmed the trial court's decision to deny post-conviction relief on August 9, 2012.[34]

On September 18, 2012, Alt, through her current counsel, timely filed a notice of appeal with the Supreme Court of Ohio,[35] along with a jurisdictional memorandum.[36] In the jurisdictional memorandum Alt presented the following four propositions of law:

**Proposition of Law No. 1:** A trial court must issue findings of fact and conclusions of law which respond to all material issues raised in a post conviction relief petition.

**Proposition of Law No. 2:** When a trial court wholly fails to address substantive grounds for relief raised in a petition, the petitioner's right to due process is abridged.

**Proposition of Law No. 3:** When a post conviction relief petition sets forth sufficient facts to support a claim of ineffective assistance of counsel, which are outside the record, an evidentiary hearing must be held to determine the credibility of witnesses and sufficiency of evidence.

---

[31] *Id.*, at 516. The language in the body of the brief is dissimilar to that in the table of contents, which reads "Whether it constituted an abuse of discretion for the trial court to Fail to hold a hearing on the issue of ineffective assistance of trial counsel." *Id.*, at 509.

[32] ECF # 8-32, at 521.

[33] ECF # 8-33, at 529.

[34] ECF # 8-34, at 537.

[35] ECF # 8-42, at 569.

[36] ECF # 8-43, at 582.

**Proposition of Law No. 4:** When a trial court fails to hold an evidentiary hearing after a petitioner has raised substantive grounds for relief that cannot be determined by simply examining the court record, an abuse of discretion has occurred and the petitioner's right to due process has been abridged.[37]

The State filed a memorandum opposing jurisdiction,[38] and on January 23, 2013, the Ohio Supreme Court denied leave to appeal and dismissed the case.[39]

## E.    Second and third untimely petitions for post-conviction relief

On March 19, 2012, Alt, through her current counsel, untimely[40] filed a second petition for post-conviction relief. Similarly, on January 13, 2013, Alt again untimely filed a third petition for post-conviction relief.[41]

The second petition was denied by the trial court,[42] which decision was upheld on appeal.[43] The Ohio Supreme Court later denied leave to appeal and dismissed the case.[44]

---

[37] *Id.*, at 590.

[38] ECF # 8-44, at 606.

[39] ECF # 8-45, at 617.

[40] As noted above, to be timely, a post-conviction petition must be filed no later than 180 days after the filing of the record with the appeals court on direct appeal. Here, the latest date on which a post-conviction petition could have been filed was August 22, 2011.

[41] ECF # 8-62, at 697.

[42] ECF # 8-48, at 625.

[43] *See*, ECF # 7 at 13. The denial was accompanied by a motion to reconsider, as supplemented, which process is set out in detail in the State's brief.

[44] ECF # 8-61, at 696.

The third petition, denominated as a motion to vacate the conviction and sentence, was the subject of numerous motions in the trial court.[45] Although this motion remained pending at the time the State filed its return of the writ, an independent review of the docket of the trial court[46] shows that this matter was denied pursuant to *res judicata* on November 4, 2014.[47] The record does not show that Alt appealed from that decision.

## F.    Complaint in Prohibition/Mandamus

On September 3, 2013, Alt, through her current counsel, filed a complaint in prohibition/mandamus with the Supreme Court of Ohio seeking to compel the trial court to vacate the conviction as void because the resulting sentence purportedly did not comply with the sentencing guidelines contained in the Ohio statute.[48] The State moved to dismiss,[49] to which Alt responded in opposition.[50] The Supreme Court granted the State's motion to dismiss on December 24, 2013.[51]

---

[45] ECF # 7 at 13-14.

[46] http://cpdocket.cp.cuyahogacounty.us.

[47] *Id.*

[48] ECF # 8-68, at 744.

[49] ECF # 8-69, at 789.

[50] ECF # 8-70, at 798.

[51] ECF # 8-72, at 803.

-10-

## G.  Federal habeas petition

On January 16, 2014, Alt, through her most recent counsel, timely[52] filed the present

petition for federal habeas relief, asserting the following five grounds for relief:

> **GROUND ONE:** Denial of Due Process and Abuse of Conviction by Trial Court in denying Motion to Withdraw plea.
>
> **Supporting facts:** Denial of Due Process of Law and Abuse of Discretion by Trial Court in denying Susan Alt's Motion to Withdraw Plea by pre-judging her motion prior to holding a hearing.[53]
>
> **GROUND TWO:** Ineffective Assistance of trial counsel.
>
> **Supporting facts:** Trial counsel was ineffective in: Failing to investigate the case and prepare for trial; improperly pressuring Alt to plead guilty; failing to timely present and litigate a Motion to Withdraw Plea; and by failing to prepare for a Sentencing hearing.[54]
>
> **GROUND THREE:** ineffective Assistance of Appellate Counsel in Direct Appeal.
>
> **Supporting facts:** Appellate Counsel failed to raise the issue of Ineffective Assistance of Trial Counsel in Direct Appeal/regarding: failure to prepare

---

[52] The one-year period that would otherwise have begun with the conclusion of the direct appeal in 2012, was tolled by the timely filing of the first petition for post-conviction relief on June 6, 2011, and did not commence until the conclusion of the appeal from the post-conviction petition on January 23, 2013. Although this would be enough to find that the current petition is timely filed within the one-year limitations period, the State properly points out that the one-year period following the post-conviction petition was tolled yet again by the filing in the Ohio Supreme Court for a writ of prohibition/mandamus on September 3, 2013, and did not resume again until that motion was denied on December 24, 2013. Plainly, the current petition is timely.

[53] ECF # 3 at 6.

[54] *Id.* at 8.

-11-

defense; failure to contest forfeiture; failure to prepare for Motion to Withdraw Plea hearing; failure to prepare for Sentencing hearing.[55]

**GROUND FOUR:** Conviction and sentence are void.

**Supporting facts:** Conviction and sentence are void because Court lacked subject matter jurisdiction to order forfeiture when: There was no Forfeiture Specification in the Indictment; there was no amendment of incictment to include same; there was no Forfeiture hearing, there was no written plea agreement; and there was no colloquy to support forfeiture.[56]

**GROUND FIVE:** Conviction and sentence are void as the Trial Court failed to comply with criminal sentencing statutes regarding forfeiture order, and imposed a sentence not authorized by law.

**Supporting Facts:** Trial Court failed to comply with criminal sentencing statutes regarding forfeiture and imposed a sentence not authorized by law.[57]

As noted, the State has asserted in the return of the writ that Alt's petition be dismissed in part and denied in part.[58] For her part, Alt, in her traverse, disputes the State's conclusions as to her claims, and also requests a full evidentiary hearing, including the calling of witnesses.[59]

---

[55] *Id.* at 10.

[56] *Id.* at 11.

[57] *Id.* at 13.

[58] ECF # 14.

[59] ECF # 16 at 15.

-12-

# Analysis

**A.      Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Alt is currently in state custody as a result of her conviction and sentence by an Ohio court, and that she was so incarcerated at the time she filed this petition. Thus, Alt meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[60]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[61]

3.      In addition, Alt states,[62] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[63]

4.      Subject to the claims that will be recommended for dismissal as procedurally defaulted, which claims will be further discussed below, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[64]

---

[60] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[61] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[62] ECF # 3 at 14.

[63] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[64] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.    As noted, Alt is represented by retained counsel. And further, Alt, through her retained counsel, did not seek an evidentiary hearing in the petition,[65] and no motion for an evidentiary hearing has been filed.[66]

First, a traverse is not an acceptable forum for raising new claims or arguments supporting existing claims[67] nor for asserting a new motion for an evidentiary hearing.[68] Accordingly, the federal habeas court does not err in declining to address such issues as are newly asserted in the traverse.[69]

Further, as the Supreme Court makes clear in *Cullen v. Pinholster*,[70] a federal habeas court is restricted to the record before the state court when considering a claim adjudicated on the merits in the state court.[71] Further, if no cognizable or non-defaulted grounds are before federal court, no evidentiary hearing should be held since additional evidence cannot

---

[65] *See*, ECF # 3 at 17 (no other relief except vacation of sentence and release of petitioner is sought).

[66] 28 U.S.C. § 2254(e)(2).

[67] *Wilson v. Westbrooks*, No. 1:11-CV-304, at *9 (E.D. Tenn. Dec. 1, 2014) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)).

[68] *See*, *Allsup v. Sheldon*, No. 3:11CV2210, 2013 WL 3200641, at * 16 (N.D. Ohio June 24, 2013) (citation omitted). Issues raised for the first time in a traverse deny the Respondent an opportunity to address them.

[69] *Tyler*, 416 F.3d at 504. I note further that this is particularly the case here where the request for an evidentiary hearing was simply inserted within an exceptionally voluminous traverse and not presented as a separate motion nor even as part of the caption to the traverse.

[70] *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).

[71] *Id.* at 1398.

-14-

convert a non-cognizable claim into one upon which relief may be granted, nor, of itself, excuse a procedural default.

Thus, as will be more fully developed below, there is no basis for conducting an evidentiary hearing in this case.

## B.  Standards of review

### 1.  *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[72]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)  Does a state procedural rule exist that applies to the petitioner's claim?

(2)  Did the petitioner fail to comply with that rule?

(3)  Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)  Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[73]

---

[72] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[73] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[74]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[75] In addition, a showing of actual innocence may also excuse a procedural default.[76]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[77] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[78] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[79]

---

[74] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[75] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[76] *Id.*

[77] *Id.* at 753.

[78] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[79] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-16-

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[80] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[81]

## 2.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[82] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[83] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[84]

---

[80] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[81] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[82] 28 U.S.C. § 2254(a).

[83] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[84] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

-17-

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[85] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[86] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[87]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[88] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[89] and may not second-guess a state court's interpretation of its own procedural rules.[90] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[91] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[92]

---

[85] *Estelle*, 502 U.S. at 67-68.

[86] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[87] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[88] *Id.*

[89] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[90] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[91] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[92] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

**C.     Application of standards**

*1.     Ground one – alleging "denial of due process and abuse of discretion by trial court in denying Susan Alt's motion to withdraw plea by pre-judging her motion prior to holding a hearing"[93] – should be dismissed as a non-cognizable claim.*

As stated here and to the state courts, Alt's first claim for relief is grounded on the purported abuse of discretion by the Ohio trial court in denying Alt's motion to withdraw her guilty plea without a hearing. As such, it does not state a cognizable claim for habeas relief.

Judge Gwin recently addressed this situation in a habeas matter highly similar to Alt's petition. In *Jones v. Sheldon*,[94] as here, the petition asserted that "the trial court abused its discretion by denying his motion to withdraw his [guilty] plea prior to sentencing [where the petitioner] had advised the court that he had been coerced into entering the change of plea [from not guilty to guilty]."[95] Judge Gwin ruled as follows:

> A petitioner has no federal constitutional right to withdraw a guilty plea.[FN24]
>
> [FN24] *Breeden v. Beightler*, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir.1970)).[96]

---

[93] ECF # 3 at 6.

[94] *Jones v. Sheldon*, No. 4:12-CV-01511, 2014 WL 1493137 (N.D. Ohio April 11, 2014).

[95] *Id.*, at *3.

[96] *Id.*

-19-

Alt's additional assertion that this alleged abuse of discretion was also a denial of due process is not sufficient to transform a non-cognizable state law claim into a cognizable claim for federal habeas relief.[97]

Accordingly, ground one should be dismissed as non-cognizable.

### 2. *Ground two – alleging ineffective assistance of trial counsel – should be dismissed as procedurally defaulted.*

Ground two asserts that Alt's trial counsel was ineffective\, and was initially presented to the Ohio courts in Alt's first petition for post-conviction relief, where it set out claims that trial counsel had: (1) failed to properly handle the motion to withdraw the guilty plea, (2) failed to provide proper legal counsel as to the effect of restitution upon the sentence, and (3) failed to timely notify Alt of the date of her sentencing.[98] However, on direct appeal from the denial of that petition for post-conviction relief, Alt abandoned those specific allegations of ineffective assistance and instead argued to the appeals court just two assignments of error, both dealing with the actions of the trial court, not any examples of alleged ineffectiveness by trial counsel.[99] Alt shifted ground again in the jurisdictional memorandum to the Ohio

---

[97] *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). Merely attaching the phrase "denial of due process" to a state law argument on the trial judge's limitation of the scope of cross-examination under Ohio's rape shield law does not fairly present the claim that a specific federal constitutional right was violated.

[98] ECF # 8-26, at 361.

[99] ECF # 8-31, at 509.

Supreme Court where she raised four propositions of law that all focused on the trial court's actions and none of which raised claims of ineffective assistance of counsel.[100]

The State here claims that the ineffective assistance claims are procedurally defaulted for having been initially raised to the Ohio trial court, but then discarded in the subsequent appeals, where *res judicata* would prevent their subsequent assertion in a new appeal.[101] Moreover, because Alt's claim that her appellate counsel was ineffective in not preserving this issue throughout the appeal is also procedurally defaulted (as will be discussed in more detail below), she may not use any ineffectiveness of appellate counsel to excuse the procedural default here.[102]

In response, Alt appears to tacitly accept that she did change the argument on appeal from that originally presented in the first petition for post-conviction relief but then contends that the changed argument must still be read as "automatically" encompassing the same claims as were detailed in the original petition.[103] Such an argument simply strains credulity. A reading of the grounds for relief presented to the trial court reveals specific instances of alleged ineffective assistance by trial counsel. By clear contrast, the grounds for relief presented to the appellate court and then to the Supreme Court of Ohio allege flaws in how the trial court denied the motion without a hearing or otherwise betrayed a bias against Alt.

---

[100] ECF # 8-43, at 583.

[101] ECF # 7 at 30 (citing cases).

[102] *Id.* (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)).

[103] ECF # 11 at 17.

A fair reading of the claims shows that Alt did not present the same factual and legal claims all the way through the Ohio process,[104] and has not presented to this Court "the same claim on the same theory" as she did to the Ohio appeals court or the Ohio Supreme Court.[105] Because, as stated above, *res judicata* would preclude Alt from returning to the Ohio appeals court with this new claim,[106] ground two should be dismissed as procedurally defaulted.

### 3. Ground three – asserting ineffective assistance of appellate counsel – should be dismissed as procedurally defaulted.

Ground three, which claims that Alt's appellate counsel was ineffective for not raising on appeal those claims of ineffective assistance by trial counsel that are contained here in ground two, were asserted to the Ohio appeals court in Alt's untimely application to reopen the direct appeal.[107] That application was denied,[108] and Alt – acting through the same attorney as represents her here – did not appeal that denial to the Supreme Court of Ohio.

As such, this claim is procedurally defaulted for not having been considered at all levels of Ohio's review procedure. Further, to now attempt to file a delayed appeal from the denial of the Rule 26(B) application is strictly prohibited by Ohio Supreme Court Rule of Practice 7.01(A)(4)©.

---

[104] *See*, *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

[105] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[106] As noted above, Ohio's *res judicata* rule is recognized as a basis for procedural default. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994).

[107] ECF # 8-19, at 254.

[108] ECF # 8-21, at 270.

Accordingly, ground three should be dismissed as procedurally defaulted. I further note, as was discussed above, that the dismissal of this ground precludes Alt from claiming that ineffective assistance of appellate counsel is grounds for the procedural default of ground two.

**4.      _Ground four and – challenging the inclusion of forfeiture in the sentence – should be dismissed as procedurally defaulted._**

Alt raised the arguments contained in grounds four and five in her second petition for post-conviction relief.[109] That petition was denied as untimely, with the trial judge first enforcing the bar of _res judicata_ on claims that should have been brought on direct appeal, and further finding that Alt's plea was knowing and voluntary and with knowledge that her forfeiture of $2,000,000.00 was part of the plea agreement.[110]

As before, these two ground should be dismissed as procedurally defaulted since Ohio's _res judicata_ rule is recognized as a basis for procedural default. Further, as the State observes, Alt cannot excuse these defaults on the grounds that her original appellate attorney was ineffective for not raising these arguments in the direct appeal, since any claim of ineffective assistance in that regard is itself procedurally defaulted.[111] Moreover, as the State also observes, there can be no showing of prejudice here because the Ohio appeals court in this regard found that Alt's plea was valid, and was done with knowledge that the forfeiture

---

[109] ECF # 8-46, at 618.

[110] ECF # 8-48, at 625.

[111] ECF # 7 at 42.

was part of the plea agreement.[112] Plus, the Ohio appeals court also noted that indictments can be amended after trial to conform to a plea bargain, which obviates any claim based on a purported defect in the indictment.[113]

Finally – as relates to all the procedural defaults – because of the existence of her guilty plea, Alt cannot claim actual innocence as a means to excuse the defaults.

## Conclusion

For the reasons stated, I recommend that the petition of Susan Alt for a writ of habeas corpus be dismissed in its entirety as is more fully set forth above.

Dated: April 13, 2015                              s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[114]

---

[112] *Id.* (citing ECF # 8-34, at 537).

[113] *Id.* at 42-43 (citing ECF # 8-2, at 9-10).

[114] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-24-